J. S33027/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SOPHANA SOVANN, | : | No. 1230 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 4, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0012793-2008

BEFORE:  FORD ELLIOTT, P.J.E. DONOHUE AND LAZARUS, JJ.

CONCURRING MEMORANDUM STATEMENT BY FORD ELLIOTT, P.J.E.:
**FILED JULY 23, 2015**

I join in the Majority's determination to remand for a ***Grazier*** hearing in the case.  My concurrence is only as to the Majority's determination that there was a procedural misstep in this court with respect to appellant's ***pro se*** status.  I write solely to clarify what I believe is the proper procedure followed by this court in such matters.

If a ***pro se*** notice of appeal is filed in the trial court and forwarded to this court for creation of a docket, the Prothonotary's Office dockets the notice to begin the appeal process.  Especially in PCRA matters, which very often involve serial petitions where there is no right to counsel, there is nothing to indicate to this court, on the face of the notice, that the ***pro se*** was represented by counsel below.

On occasion, upon docketing statement review or the filing of some application for relief by an appellant signaling the representation issue or the entry of appearance by counsel in this court, the Prothonotary or Central Legal Staff will, in fact, discover the problem and bring it to the attention of a motion's judge for action. However, if such review is not triggered, the appeal is treated as a *pro se* matter, and the briefing schedule and all additional correspondence are sent directly to the *pro se* litigant.

Frequently, as happened in this case, it is the merits panel that ultimately discovers, upon review of the certified record, counsel's abandonment or failure to enter an appearance and orders appropriate action.

Hence, I agree in all respects with the Majority's resolution of this case, but for its suggestion that the administrative operations of this court should be faulted for treating appellant as *pro se* based on the information available.

Judge Lazarus joins this Concurring Memorandum Statement.